### T. A. Bounds et al. v. Thomas Little et al.
#### No. 3218.

1. **Predicate for Secondary Evidence of Deed.**— See facts held sufficient as to search for a deed, alleged to have been lost, as basis for secondary evidence of its existence and contents.

2. **Practice—Rebutting Testimony.**—Article 1297, Revised Statutes, directs that the plaintiff shall in opening "introduce his evidence," and that in reply to defendant's evidence "he shall be confined to rebutting evidence." This rule was not violated where the plaintiff's chain of title as in the opening would authorize a verdict for him, and where an omitted link in his title only became manifest by the testimony introduced by the defendant. See example.

Appeal from Navarro. Tried below before Hon. Rufus Hardy.
The opinion gives a statement.

*J. F. Stout* and *W. W. Ballow*, for appellants.— 1. The plaintiff in all cases must make out his claim or cause of action, proving all material facts he relies upon in the first instance and before he rests, and must be confined to rebuttal testimony after having once closed.

2. Before secondary evidence can be introduced to establish the existence, execution, loss, and contents of a deed, the proper predicate must be laid for the same. Sayles' Civ. Stats., art. 1297; Vandergriff v. Piercy, 59 Texas, 371; Hooper v. Hall, 30 Texas, 154; Bateman v. Bateman, 16 Texas, 544; Crayton v. Munger, 9 Texas, 285; Dunn v. Choate, 4 Texas, 14; Hill v. Taylor, 77 Texas, 295.

3. Upon establishing predicate and proof of lost instrument, execution, etc. Wiggins v. Fleishel, 50 Texas, 57; Hill v. Taylor, 77 Texas, 295; Sample v. Irwin, 45 Texas, 567; Butler v. Dunnagan, 19 Texas, 559; Dunn v. Choate, 4 Texas, 14; Wooten v. Dunlap, 20 Texas, 183; White v. Halliday, 20 Texas, 679; 16 Texas, 541; 30 Texas, 154; 39 Texas, 103; 48 Texas, 230; 48 Texas, 83; 46 Texas, 409; Wakefield v. Day, 43 N. W. Rep., 71; 41 Minn., 344; Loftin v. Loftin, 1 S. E. Rep., 837; 86 Ala., 94; 76 Ia., 665; 101 N. C., 447.

*Frost & Etheridge*, for appellees.—1. A plaintiff in trespass to try title is not bound to do more than make out a prima facie case in the opening, and is allowed to strengthen it by other evidence after the case has been attacked by his adversary. Mahan v. Wolf, 61 Texas, 488.

2. Where a party under a lost or destroyed deed has exercised acts of ownership and control under it, after a great lapse of time strict proof is not required to establish its existence, contents, and subsequent loss. Mills v. Herndon, 60 Texas, 356.

HENRY, Associate Justice.—This suit was brought by appellees to

recover 200 acres of land lying in Navarro County and particularly described.

The cause was before this court at its last term, and a statement of the issues involved will be found in 75 Texas, page 317.

Upon the trial from which the present appeal was taken plaintiffs introduced evidence as follows: 1. A patent from the State of Texas to James Little for 320 acres, including the land in controversy. 2. The duly probated will of the grantee, James Little, devising said land to Robert J. Little. 3. That plaintiffs were part of the heirs of said Robert J. Little, and the death of the said Robert; and rested.

The defendants then introduced the first and second items of evidence above stated and in addition thereto: 1. A deed from Robert J. Little to Mary A. Little, dated the 16th day of February, 1874, conveying to her all of the land devised to the said Robert J. as aforesaid. 2. The duly probated will of the said Mary A. Little, devising all of said land to Frank B. Smith. 3. A deed from said Smith to the defendant, T. A. Bounds, conveying the land in controversy.

The plaintiffs then introduced in rebuttal evidence showing that Robert J. Little died at Lancaster, Texas, in the year 1874, and that soon after his death one of his brothers searched among his papers and elsewhere for a deed to the said Robert J. from Mary A. Little conveying to him the land in controversy, without finding such a deed. They also introduced evidence to the effect that none of the heirs of the said Robert J. had possession of or knew anything about said deed.

In addition to a recital contained in the deed from Robert J. Little to Mary A. Little that the consideration for said deed was $500 lawful currency of the United States and the further consideration of 200 acres of land described in a deed from Mary A. Little to himself of even date therewith, plaintiffs introduced a number of witnesses, each of whom testified to facts, including admissions made by Mary A. Little and her devisee, tending to prove that the said Mary A. did make to Robert J. Little a deed for the land in controversy, and also that the defendant Bounds had notice of that fact before he bought or paid for the land.

The defendants introduced evidence tending to disprove both issues.

A jury returned a verdict in favor of plaintiffs, and a judgment was entered in their favor for the recovery of the land.

We are asked to reverse the judgment upon the following grounds:

1.    Because after plaintiffs had rested, it was error to permit them to introduce the testimony of witnesses to prove the existence of a deed from Mary A. Little to Robert J. Little.

2.    Because a proper predicate by proof of the loss of and search for the deed to Robert J. Little was not laid so as to authorize secondary evidence of its contents.

3.    Because the court did not charge the law correctly.

4.   Because the verdict was contrary to the evidence.

We have examined the charge carefully and think that it fully and fairly presented to the jury the issues made by the pleadings and the evidence. The evidence was amply sufficient to sustain the verdict.   The evidence offered of search for the lost deed was all that was practicable and entirely sufficient.

With regard to the order of offering evidence, article 1297 of the Revised Statutes directs that the plaintiff shall in opening "introduce his evidence," and that in reply to defendant's evidence "he shall be confined to rebutting evidence."

While it is true that plaintiffs in their opening entirely omitted evidence of one link in their chain of title, it is equally true that they proved what, standing alone, seemed a complete chain, and upon which they would have been entitled to a recovery if it had not been broken by the evidence of defendants.   The evidence offered by them in rebuttal was strictly in reply to the defendants' proof.   Plaintiffs were not bound to know that the defendants would offer any testimony.   If they did not, there was no use for plaintiffs to do more in their opening than they did.

The judgment is affirmed.

*Affirmed.*

Delivered December 16, 1890.